## LITTLEJOHN v. STATE.

Opinion delivered September 30, 1905.

1. EVIDENCE—MOTIVE.—Upon a prosecution of a stepfather for assault with intent to kill.alleged to have been committed upon a young man who was visiting his stepdaughter, it was admissible to prove that defendant had maintained illicit relations with his stepdaughter, as tending to show a motive for the assault. (Page 481.)

2. SAME—HEARSAY.—Self-serving declarations of the accused cannot be proved in his' behalf. (Page 482.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*Thomas & Lee,* for appellant.

The court erred in permitting the witness Josephine Evans to give the number and names of her children. 58 Ark. 473. Facts which go to prove another offense distinct from the offense charged should not be admitted. 43 Ark. 367; 52 Ark. 303; 54 Ark. 489. The evidence of W. L. Jeffries in regard to the two shells should have been admitted. 14 Cent. Dig. § § 861, 862; 99 N. Y. 140. The argument of counsel for the State was improper. 58 Ark. 473; 6 Ark. 157; 70 Ark. 235; 20 Ark. 305; 71 Ark. 403; 72 Ark. 427.

*Robert L. Rogers, Attorney General,* for appellee.

WOOD, J. Appellant was convicted of an assault with intent to kill one Eli Evans.

Counsel for appellant urged that the evidence was not sufficient to uphold the conviction. We have examined the record carefully, and in our opinion the evidence is ample to sustain the verdict. It is insisted also that the court erred in permitting witness Josephine Evans to give the number and names of her children, and to tell that appellant was the father of two of them. It appears that Josephine Evans was the stepdaughter of appellant. The prosecuting witness, Eli Evans, was visiting her at appellant's house on the night of the assault. At that time they were not married. Josephine testified that on the night of the assault sometime after Eli left for his home, her stepfather came

31

in, and she heard him tell her mother that "that fellow Evans would'nt tell no more lies on him." The prosecuting witness, Eli Evans, testified positively that appellant assaulted him. The testimony of Josephine Evans showing the illicit relations between her and appellant was proper as tending to show a motive for the assault.

Counsel contends further that the court erred in not permitting the defendant to ask the witness W. L. Jeffries the following question: "After you heard that the defendant got two shells from his daughter-in-law [stepdaughter], did you not ask the defendant about it?" And that the court erred in not letting the witness W. L. Jeffries answer the following question: "Did not Foster Littlejohn tell you, while under arrest in Clarendon, that he borrowed two shells from his daughter-in-law [stepdaughter], and did he not tell you that he put the shells on the mantel piece, and that they were there now; and did you not go out there and get the shells?" These questions were designed to elicit self-serving declarations, or might have done so, and the court ruled correctly in not permitting the witness to answer them.

The alleged remarks of counsel for the State which are pressed upon us as reversible error are not preserved in the record, and there is nothing before us for decision on that ground.

Finding no error, the judgment is affirmed.